IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEYA GOLDMAN<br>2216 N. Hobart Street<br>Philadelphia, PA 19131<br><br>    Plaintiff,<br><br>    v.<br><br>PHILADELPHIA GAS WORKS<br>800 W. Montgomery Avenue<br>Philadelphia, PA 19122<br><br>    Defendant. | : : : : : : : : : : : : : : : : | CIVIL ACTION<br><br>NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, Keya Goldman (hereinafter referred to as "Plaintiff" unless otherwise indicated), by and through her undersigned counsel, hereby avers as follows:

## I. Introduction

1. Plaintiff has initiated this action to redress violations by Defendant of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*). Plaintiff was unlawfully terminated as a result of her FMLA protected leave, usage and/or exercise of FMLA rights.

## II. Jurisdiction and Venue

2. This Court may properly maintain jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co v. State of Washington</u>, 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.  Parties

5. The averment of the foregoing paragraph is hereby incorporated by reference as if set forth fully herein.

6. Plaintiff is an adult individual residing at the above-captioned address.

7. Philadelphia Gas Works ("PGW" or "Defendant"), is a municipally owned gas company operating in Pennsylvania with a principal place of business at the above-captioned address.

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV.  Factual Background

9. The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

10. Plaintiff was employed with Defendant for approximately five (5) years until her abrupt termination in December of 2019 (discussed i*nfra*), and Plaintiff exclusively worked for Defendant in Philadelphia, Pennsylvania.

11. Plaintiff (as of termination) was deemed based at Defendant's 5230 Chestnut Street, Philadelphia, Pennsylvania location (District Office). And she was employed as a Utility Customer Service Representative.

12. While employed with Defendant, Plaintiff suffered from significant back problems and sciatica, among other health complications (hereinafter "serious health conditions").

13. As a result of Plaintiff's serious health conditions, Plaintiff requested, was <u>approved for</u>, and utilized leave under the Family and Medical Leave Act ("FMLA") on an intermittent basis. Defendant thus agreed Plaintiff at all relevant times: (a) qualified for FMLA; and (b) hence had serious health conditions as defined by the FMLA. Plaintiff's entitlement to FMLA leave *was never in dispute* during her employment.

14. The (yet uncorrected) problem is that Defendant has exhibited one of the worst administrations of FMLA leave for employees in the greater Philadelphia area. In particular:

    (A) Defendant has been sued numerous times for mishandling FMLA of employees;

    (B) Defendant incorrectly handles FMLA paperwork on a pervasive basis;

    (C) Defendant inaccurately counts or calculates FMLA usage on a pervasive basis;

    (D) Defendant fails to follow written notice obligations to employees under the FMLA on a pervasive basis; and

    (E) Defendant uses FMLA usage as a factor in taking adverse actions against employees.

15.     Defendants ongoing mishandling of FMLA for many years on such a continual basis is illustrative of gross reckless indifference, intent, and a knowing failure to educate or remedy its improper FMLA administration prejudicing employees. During the course of the case, Plaintiff will demonstrate willfulness through continual FMLA violations over the span of many years (in addition to significant other evidence specific to Plaintiff).

16.     Plaintiff had been generally supervised by Lamonda Burke ("Burke"), a supervisor of Customer Service and part-time security guard at a cookie store. Burke lacked any meaningful understanding or training in FMLA administration, as is customary with Defendants' administration.

17.     Plaintiff last used intermittent FMLA when she was cleared by her physician to return to work "on 11/23/19 under no restrictions." Plaintiff provided Defendant with such medical documentation as well, as she appropriately kept Defendant apprised of her FMLA needs and medical absenteeism. Such absences <u>to Plaintiff's knowledge</u> were counted as FMLA qualifying (through and including up to November 23, 2019).

18.     On or about December 6, 2019, Plaintiff was informed of her termination by Defendant. Plaintiff's termination came as a complete surprise to her, and Plaintiff was informed that her termination was due to her missing an extra day beyond her 12 weeks of federally-protected FMLA leave.

19.     Plaintiff had not missed any time from work between November 23, 2019 and December 6, 2019, a period of 2 weeks following what she understood to be her then most recent approved FMLA days.

20. In early December 2019, in conjunction with contesting and questioning her termination:

    (A) Plaintiff explained that she had absolutely no notice that she could have or would have used all of her FMLA, let alone face termination for missing an extra day beyond her FMLA period; and

    (B) Defendant contended that Burke discussed *verbally* with Plaintiff her time missed in mid-November of 2020, which was not true. Burke was at times frustrated with Plaintiff's FMLA usage, and several times in Plaintiff's last year of employment merely told Plaintiff you miss a lot of time, you better watch it (and variations of such comments). This was animosity towards Plaintiff's FMLA usage, and it certainly was not notice of Plaintiff's actual FMLA usage or time remaining.

21. Plaintiff was never informed verbally **or** in writing leading up to her termination: (a) that she could face termination for missing a single day beyond her FMLA protected 12-week period; (b) that she had used any specific amount of FMLA days; (c) that she had any specific amount of FMLA days left to use; or (d) any other details of her FMLA status, designations or identifiable consequences. It is federally required that an employer update an employee in writing to avoid illegal terminations, such as occurring with Plaintiff.

22. In fact, Defendants literal excuse for the abrupt termination of Plaintiff makes no sense, as Burke was not even responsible for overseeing attendance, was not a participant in managing attendance, and did not handle FMLA administration within Defendant (a role generally performed by a designated person – Renee Nelson). And Nelson certainly did not communicate any FMLA details to Plaintiff leading up to Plaintiff's termination from employment.

23. There are exact regulations within the FMLA to prevent Defendant's illegal termination of Plaintiff. In particular and only by way of example, CFR § 825.300(d)(6) requires:

    (A) "The employer must notify the employee of the amount of leave counted against the employee's FMLA leave entitlement;"

    (B) Where intermittent leave is used, "the employer must provide notice of the amount of leave counted against the employee's FMLA entitlement" but not more often than once in a 30-day period; and

    (C) If an employer chooses to give "oral" notice, **<u>it "shall be confirmed in writing</u>**" thereafter.

24.    CFR § 825.300(e), anticipating the very violations of Defendant, states:

> **(e)** *Consequences of failing to provide notice.* Failure to follow the notice requirements set forth in this section may constitute an interference with, restraint, or denial of the exercise of an <u>employee</u>'s FMLA rights. An <u>employer</u> may be liable for compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of the violation, and for appropriate equitable or other relief, including employment, reinstatement, promotion, or any other relief tailored to the harm suffered *See* <u>§ 825.400(c)</u>.

CFR § 825.300(e)

25.    Had Plaintiff been informed and updated in writing with any status of FMLA usage, she could have planned accordingly. In other words, Plaintiff physically would have worked in pain if need be to avoid losing her job (or scheduled appointments at different times / dates) if she were ever informed she (allegedly) exhausted her FMLA entitlement. This is clear prejudice and interreference with Plaintiff's FMLA entitlements and substantive rights.[1]

26.    Moreover, it is legally prohibited to take into consideration that a Plaintiff's use of federally-protected FMLA leave. Thus, if such FMLA leave is removed from the equation, Plaintiff was in essence terminated for missing a day from work. Employees without FMLA, miss 1 day, weeks, or months from work at varying times and under different circumstances without facing termination. Thus, Plaintiff was retaliated against

---

[1] Upon information and belief, Defendants also did not even correctly count Plaintiff's FMLA leave properly.

in violation of the FMLA by Defendant's considering her prior FMLA usage as a basis to terminate her as if it were some additional unexcused absenteeism.

27. Plaintiff's termination from her employment constitutes clear interference, discrimination, and retaliation violations of the FMLA.

<div style="text-align:center">

**Count I**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**
**- Against All Defendants -**

</div>

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

30. Plaintiff met all FMLA eligibility requirements from 2018-2019, and Plaintiff exercised her rights to use intermittent FMLA leave for herself (at issue, during calendar year 2019).

31. Plaintiff was terminated unlawfully as outlined throughout this Complaint, and these actions as stated herein constitute interference, discrimination, and retaliation violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered

retaliation/interference at the hands of Defendant until the date of verdict;

B.     Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.     Plaintiff is to be awarded all applicable legal or equitable relief and the costs and expenses of this action, and reasonable legal fees as provided by applicable federal and state law;

D.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

E.     Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: _____
Ari R. Karpf
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Date: January 6, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Keya Goldman : CIVIL ACTION
v. :
Philadelphia Gas Works : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 1/6/2021 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2216 N. Hobart Street, Philadelphia, PA 19131__

Address of Defendant: __800 W. Montgomery Avenue, Philadelphia, PA 19122__

Place of Accident, Incident or Transaction: __Defendant's place of business__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case   [ ] is / [X] is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/6/2021__   _/s/ signature_   __ARK2484 / 91538__
          *Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  *Federal Question Cases:***
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
      *(Please specify):* _____

**B.  *Diversity Jurisdiction Cases:***
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
      *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __1/6/2021__   _/s/ signature_   __ARK2484 / 91538__
          *Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

GOLDMAN, KEYA

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

**DEFENDANTS**

PHILADELPHIA GAS WORKS

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

1 U.S. Government Plaintiff
X 3 Federal Question *(U.S. Government Not a Party)*
2 U.S. Government Defendant
4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- X 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

X 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer | 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
"FMLA" - 29 U.S.C. §§ 2601 et. seq.)

Brief description of cause:
Violations of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 et. seq.).

**VII. REQUESTED IN COMPLAINT:**

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** X Yes No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE ______ DOCKET NUMBER ______

DATE: 1/6/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Print | Save As... | Reset